UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| **Case No.** | CV 24-04831-MWF (SSCx) | **Date:** | February 18, 2025 |
| **Title:** | Genaro Lopez Arzate v. The Home Depot, Inc. et al | | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER DENYING PLAINTIFF'S MOTION TO REMAND [10]

Before the Court is Plaintiff Genaro Lopez Arzate's Motion to Remand (the "Motion"), filed July 2, 2024. (Docket No. 10). Defendant The Home Depot, Inc. filed an Opposition on July 29, 2024. (Docket No. 12). Plaintiff filed a Reply on August 2, 2024. (Docket No. 13).

The Motion was noticed to be heard on **August 26, 2024**. The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar.

The Motion is **DENIED**. Defendant has proven to the Court's satisfaction that more than $75,000 is in controversy and that diversity of citizenship exists.

## I.   BACKGROUND

Plaintiff commenced this action in Los Angeles County Superior Court on November 9, 2023. (Complaint (Docket No. 1, Ex. A)). Plaintiff alleges that, while shopping at a Home Depot store, 30 wooden boards fell on Plaintiff and caused him to suffer severe injuries. (*Id.* at 4). On the basis of this allegation, Plaintiff brings causes of action against Defendant for negligence and premises liability. (*Id.* at 3). Plaintiff seeks compensation for lost wages, hospital and medical expenses, loss of earning capacity, and general damages. (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-04831-MWF (SSCx)          **Date:** February 18, 2025
**Title:**     Genaro Lopez Arzate v. The Home Depot, Inc. et al

On June 7, 2024, Defendant removed this action by invoking the Court's diversity jurisdiction. (Notice of Removal (Docket No. 1) ¶¶ 5-7).

## II. LEGAL STANDARD

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction.").

When it is unclear "from the face of the complaint whether the amount in controversy exceeds $75,000, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (internal citations and quotation marks omitted). "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). Therefore, "[t]he ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." *Id.* (emphasis in original).

"[A] damages assessment may require a chain of reasoning that includes assumptions." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-04831-MWF (SSCx)          **Date:** February 18, 2025

**Title:**     Genaro Lopez Arzate v. The Home Depot, Inc. et al

2015). "When that is so, those assumptions cannot be pulled from thin air but need some reasonable ground underlying them." *Id.* Thus, "a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Id.* at 1197. "The parties may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Id.* (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

       Following the Supreme Court's decision in *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010), the Ninth Circuit has largely adopted the use of the "nerve center" test for determining a corporation's citizenship. *See Balian v. Home Depot U.S.A., Inc.*, No. CV 17-04837-BRO (MRWx), 2017 WL 4083563, at *2 (C.D. Cal. Sept. 14, 2017) ("The citizenship of a corporation is both the state of its incorporation and the state of its principal place of business. . . . The phrase 'principal place of business' refers to 'the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center."'") (quoting *Hertz Corp.*, 559 U.S. at 93). "Regardless of which test or tests the court employs, as a general rule the location of the bulk of corporate activity, as evidenced by the location of daily operating and management activities, is likely to govern the district court's choice of a principal place of business for purposes of applying Section 1332(c)." Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3625 (3d ed. 2024).

### III. ANALYSIS

       In seeking to remand this action, Plaintiff makes three arguments: first, that policy considerations favor remanding actions to reduce the caseload of the federal courts; second, that Defendant has failed to prove that more than $75,000 is in controversy; and third, that diversity does not exist because Defendant's principal place of business is in California. (*See generally* Motion). Perhaps in recognition of the futility of his position in light of the Opposition, Plaintiff drops these arguments—other than the general policy argument—in his Reply brief. (*See generally* Reply). For the reasons below, each of Plaintiff's arguments fail.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-04831-MWF (SSCx)          **Date:** February 18, 2025
**Title:** Genaro Lopez Arzate v. The Home Depot, Inc. et al

*First*, as an initial matter, it is true that there is, in general, a "strong presumption" against removal jurisdiction. *Gaus*, 980 F.2d at 566. However, this does not override the fact that Defendants have a right of removal in those cases over which the federal courts would have original jurisdiction. 28 U.S.C. § 1441(a). The presumption operates in cases in which it is truly ambiguous whether the federal courts would have jurisdiction. For the reasons described below, the Court unambiguously has jurisdiction over this action.

*Second*, Plaintiff has placed more than $75,000 in controversy. Though the Complaint is silent as to the amount Plaintiff seeks in damages, Defendant has fairly established that Plaintiff seeks more than $75,000. The Notice of Removal states that "based on discussions between the parties, Plaintiff seeks millions of dollars in damages." (Notice of Removal ⁋ 6(e)). This is in apparent reference to a settlement demand letter that Defendant attaches as Exhibit A to the Opposition. (*See* Settlement Demand Letter (Docket No. 12-1)). In the letter, dated March 28, 2024, Plaintiff estimates his damages at over $10,000,000 in contemplation of past medical damages, anticipated future medical damages, and past and future pain and suffering. (*Id.* at 21). Pre-removal settlement demands that reveal that Plaintiff in fact values their claims at more than $75,000 are powerful evidence that more than $75,000 is in controversy. *See Estrada v. KAG W.*, No. 24-cv-00257-KES-CDB, 2024 WL 2874591, at *7 (E.D. Cal. June 6, 2024) ("[Defendant] has shown that, including [Plaintiff's] claims for emotional distress damages, punitive damages, and attorneys' fees, the amount in controversy more likely than not exceeds $75,000. [Plaintiff's] $250,000 settlement offer confirms this."). While the Court need not take this demand seriously if it were not a reasonable estimation of Plaintiff's claim, the letter lists out medical treatment that Plaintiff had apparently ***already received*** at the time of the letter, and those expenses alone totaled over $130,000. (Settlement Demand Letter at 15-16). Even if the Court entirely discounted all future medical expenses and all past and future pain and suffering (in addition to wage loss and loss of earning capacity) as speculative, the past medical damages alone surpass the jurisdictional minimum. As discussed previously, Plaintiff does not address Defendant's argument that the letter proves that more than $75,000 is in controversy.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-04831-MWF (SSCx)          **Date:** February 18, 2025
**Title:**     Genaro Lopez Arzate v. The Home Depot, Inc. et al

     ***Third***, Plaintiff argues that diversity does not exist because Defendant should be considered a citizen of California. In the Notice of Removal, Defendant contended that it is diverse from Plaintiff—a California resident—because its state of incorporation is Delaware, and its principal place of business is in Georgia. (Notice of Removal ¶ 6(b)). In the Motion, Plaintiff contends that California is Defendant's principal place of business because Defendant has more employees in California, owns more property in California, and contributes more to the Gross Domestic Product of California than any other state. However, this is insufficient for a finding that California is Defendant's principal place of business. Plaintiff relies on the Ninth Circuit's holding in *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 500 (9th Cir. 2001), in support of the notion that a corporation may be considered at home where a "substantial predominance" of its business activity occurs in that state. (*See* Motion at 6-7). However, *Tosco* was abrogated by the Supreme Court in *Hertz*, which established that the "nerve center" test was the appropriate analysis for determining where a corporation is at home. *See Hertz Corp.*, 559 U.S. at 1186-87. District courts in the Ninth Circuit now apply the "nerve center" test, as articulated by the Supreme Court. *See, e.g.*, *Balian*, 2017 WL 4083563, at *2.

     Applying the "nerve center" test, Defendant has sufficiently alleged that its principal place of business is Georgia, not California. In the Notice of Removal, Defendant states that Georgia is where "its s finance, accounting, purchasing, treasury, marketing, training, human resources, information systems, internal audit, and legal departments are located, making policy decisions that affect the entire company." (Notice of Removal ¶ 6(b)). In the Opposition, Defendant further clarifies that its CEO, Secretary, CFO, and other executives are based in Georgia. (Opposition at 7-8; *see also* Statement of Information (Docket No. 12-1) at 1). Again, Plaintiff provides no argument in its Reply that rebuts this rationale for finding Defendant to be at home in Georgia.

     In view of Plaintiff's settlement demands and the application of the "nerve center" test, the Court finds that it has diversity jurisdiction over this action. Removal was therefore proper. Accordingly, the Motion is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | CV 24-04831-MWF (SSCx) | **Date:** February 18, 2025 |
| **Title:** | Genaro Lopez Arzate v. The Home Depot, Inc. et al | |

IT IS SO ORDERED.